IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL ANDREW LARGENT #04356087 | : : | Civil Action No.  AW-10-734 |
| Petitioner | : : | |
| v. | : : | |
| UNITED STATES OF AMERICA Respondent | : : : | |

.....................

**MEMORANDUM**

Before the court is a pro se 28 U.S.C. §2241 Petition for Writ of Habeas Corpus filed by Michael Andrew Largent, a federal prisoner incarcerated at FCI-Cumberland, Maryland, challenging the validity of his sentence.  The Petition is properly construed under 28 U.S.C. § 2255 and will be dismissed without prejudice for lack of jurisdiction.

**Procedural Background**

Largent pleaded guilty in the United States District Court for the Northern District of West Virginia to possession with intent to distribute crack cocaine in violation of 21 U.S.C § 841.  *See United States v. Largent*, Criminal Action No.  3-02-cr-0038-1 (N.D.W.Va.). On January 7, 2003, the Court sentenced Largent to 168 months of imprisonment.

On January 5, 2004, Largent filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct. The Motion was denied on  May 5, 2005.  On September 25, 2006, the Fourth Circuit dismissed Largent's appeal of the denial. *See United States v. Largent*, CA4-1-3, 201 Fed. Appx. 136 (2006). On February 9, 2009, the court granted Largent's Motion for  Retroactive  Application of Sentencing Guidelines to Crack Cocaine Offenses under 18 U.S.C. § 3582 (c) (2).  Largent's sentence was reduced to 135 months.

**Analysis**

Largent acknowledges that claims raised in the Petition challenge the validity of his sentence. Petitioner's Memorandum, p. 1. Specifically, Largent contends that his sentence is illegal because he was improperly charged, he is actually innocent, and his rights to procedural due process and equal protection were violated. Petition, p. 8, ¶ IV; Petitioner's Memorandum, pp. 4, 7-10.

A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. §2241(a).[1] In contrast, a § 2255 motion challenges the validity of the underlying conviction or sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d at 1194 n. 5. Further, § 2241 petitions must be filed in the judicial district where the petitioner is in custody. *See* 28 U.S.C. § 2241(a); *Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495-500 (1973); *United States v. Miller*, 871 F. 2d 488, 490 (4th Cir. 1989). Petitions filed under §2255 must be filed in the court which imposed judgment. *See* 28 U.S.C. § 2255.

The Petition attacks Largent's predicate conviction and is properly considered under §2255. Regardless of the label applied by a petitioner, the subject matter of a motion, and not its title, determines its status. *See U.S. v. Winestock*, 340 F. 3d 200, 206 (4th Cir. 2004); *Calderon v. Thompson*, 523 U.S. 538, 554 (1998). As such, this § 2255 Petition must be filed in the court which imposed judgment: The United States District Court for the Northern District of West

---

[1] Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of §2241, there is an exception under the so-called "savings clause" in § 2255. It provides a prisoner may seek relief under §2241 if the remedy under §2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. §2255; *See In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Petitioner does not demonstrate that § 2255 provides an inadequate or ineffective remedy. A procedural requirement for § 2255 relief, such as the statute of limitations or the prerequisite for preauthorization to file a successive petition, does not render §2255 review "inadequate" or "ineffective. *See Jones*, 226 F.3d at 332; *In re Vial*, 115 F. 3d. 1192, 1194 n.5 (4th Cir. 1997) (*en banc*).

Virginia. Because Largent previously filed a § 2255 motion, the instant petition is successive. Consequently, Largent must first obtain pre-filing authorization from the United States Court of Appeals for the Fourth Circuit before filing a successive § 2255 petition in federal district court. *See* 28 U.S.C. §§2244(b) (3) (A) & 2255. [2]

## Certificate of Appealability

The Petition provides no basis for issuance of a Certificate of Appealability. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (2). The defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Largent fails to satisfy this standard and there are no grounds to issue a Certificate of Appealability. Denial of a Certificate of Appealability does not prevent a petitioner from seeking permission to file a successive petition, or pursuing claims after obtaining such permission.

---

[2] The address for the United States Court of Appeals for the Fourth Circuit is: 1100 East Main Street, Richmond, Virginia 23219. The address of the United States District Court for the Northern District of West Virginia is: 217 West King Street, Room 102, Martinsburg, West

**Conclusion**

For these reasons, the Petition will be construed under 28 U.S.C. § 2255 and dismissed without prejudice for lack of jurisdiction. An Order consistent with this Memorandum follows.

Date: April 8, 2010                             _____/s/_____
                                                Alexander Williams, Jr.
                                                United States District Judge

---

Virginia 25401.

4